NOT FOR PUBLICATION                                              (Doc. No. 27)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

|  |  |
|---|---|
| SHAQUAN ARCHIE, | |
| Plaintiff, | Civil No. 12-2466 (RBK/JS) |
| v. | |
| | **OPINION** |
| THE DEPARTMENT OF CORRECTIONS, et al., | |
| Defendants. | |

**KUGLER**, United States District Judge:

Before the Court is the motion of Defendants SCO. Carsten, SCO. McKendry, SCO. Spacia, and SCO. Jackson (collectively "Defendants")[1] to dismiss for failure to comply with L. Civ. R. 10.1. For the reasons set forth below, Defendants' motion is granted.

**I.  BACKGROUND**

Plaintiff Shaquan Archie ("Plaintiff") filed his Complaint against Defendants on April 26, 2012, alleging that Defendants assaulted him while he was incarcerated at South Woods State Prison. (Doc. No. 1.) On August 31, 2012, Plaintiff informed the Court that his address changed from New Jersey State Prison to Bayside State Prison, and asked that "all legal documents . . . be forwarded" to that address. (Doc. No. 4.) Defendants mailed several discovery documents to Plaintiff at Bayside State Prison, but all documents were returned as undeliverable. (Ex. C to

---

[1] Although defense counsel also filed this motion on behalf of the New Jersey Department of Corrections, the Court notes that the Department of Corrections was dismissed pursuant to this Court's Order dated October 10, 2012. (Doc. No. 5.)

1

Def.'s Declaration.) On February 27, 2013, the Court issued an Order granting Defendants' motion for an extension of time to answer, (Doc. No. 12); this mail was returned to the Court as undeliverable, (Doc. No. 13.) Several other letters and Orders were sent to Plaintiff at his Bayside State Prison address and returned as undeliverable in the following months. (See Doc. Nos. 17, 18, 20.) On June 10, 2013, Plaintiff informed the Court that his address had changed from Bayside State Prison to the Essex County Correctional Facility in Newark, New Jersey. (Doc. No. 21.) Once more, on December 9, 2013, Plaintiff informed the Court that his address changed from the Essex County Correctional Facility to 44 Georgia King Village, Newark, N.J. 07103. (Doc. No. 22.)

On April 11, 2014, Magistrate Judge Schneider sent a letter order to both parties, informing them that they did not comply with the Court's scheduling order, and ordering the parties to advise the Court as to whether discovery was complete. (Doc. No. 23.) Defendants responded by filing a motion for an extension of time to complete discovery in order to "confirm [Plaintiff's] specific address and to serve him with discovery documents." (Doc. No. 24 at 2.) The Court granted the motion and issued an Amended Scheduling Order. (Doc. No. 26.) In granting the motion, the Court reminded the parties that they are under a duty to advise the Court of their current addresses pursuant to L. Civ. R. 10.1, and warned that "[d]ismissal may be warranted if the updated address is not provided." (Doc. No. 25.) Thereafter, Defendants mailed discovery documents to Plaintiff at the 44 Georgia King Village address, but the documents were returned as undeliverable. (Ex. G to Def.'s Declaration.) The Court has not received any communication from Plaintiff since his December 9, 2013, notice of change of address. Defendants filed the instant motion to dismiss the Complaint for failing to comply with Rule 10.1 on August 8, 2014.

## II.     DISCUSSION

Local Rule 10.1(a) creates an affirmative duty for litigants to inform the court of any change in their address within seven days of said change.  Failure to comply with this rule "may result in the imposition of sanctions by the Court." L. Civ. R. 10.1(a).  Courts in this district have held that dismissing a plaintiff's complaint is an appropriate remedy for failing to comply with the Rule.  See Stewart v. Taylor, No. 11-5983, 2011 U.S. Dist. LEXIS 142980, at *2-3 (D.N.J. Dec. 12, 2011) (dismissing pro se complaint, without prejudice, for failure to keep the court advised of address as required by L. Civ. R. 10.1); Toodle v. Bush, No. 06-4578, 2013 WL 3674296, at *2 (D.N.J. Dec. 13, 2006) ("The Court is authorized to impose harsh penalties when enforcing the Local Civil Rules, and thus may dismiss a complaint when a plaintiff fails to comply with Local Civil Rule 10.1(a)." (citing Kabacinski v. Bostrom Seating, Inc., 98 F. App'x 78, 82 n.3 (3d Cir. 2004))).  Here, there is no question that Plaintiff has failed to comply with Rule 10.1(a), as mail sent to Plaintiff at his last known address was returned and marked undeliverable, and he has not informed the Court of a new address.

Moreover, Federal Rule of Civil Procedure 41(b) provides that a defendant may move to dismiss an action if the plaintiff "fails to prosecute or to comply with these rules or a court order."  Plaintiff's failure to prosecute and to comply with Magistrate Judge Schneider's Order requiring the parties to abide by Rule 10.1 thus requires this Court to examine whether to dismiss this action under the factors that the Third Circuit set forth in Poulis v. State Farm Fire & Cas. Co.[2]  See Brown v. County of Atlantic, No. 07-824, 2010 WL 2518540, at *8 (D.N.J. June 11,

---

[2] The Third Circuit has noted that a court need not evaluate the Poulis factors "when a litigant's conduct makes adjudication of the case impossible." McLaren v. N.J. State Dept. of Educ., 462 F. App'x 148, 149 (3d Cir. 2012). Nonetheless, for the sake of thoroughness, the Court will undertake the Poulis evaluation.

2010) (noting that a failure to comply with Rule 10.1 can result in a dismissal for failure to prosecute). The Poulis factors are:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

747 F.2d 863, 868 (3d Cir. 1984). Each factor will be discussed in turn.

### 1. The Extent of the Party's Personal Responsibility

First of all, Plaintiff is proceeding pro se, and a pro se plaintiff is personally responsible for the progress of his case. Briscoe v. Klaus, 538 F.3d 252, 258-59 (3d Cir. 2008). This responsibility is explicit in Rule 10.1(a), which states that "[c]ounsel and/or unrepresented parties must advise the Court of any change in their or their client's address." L. Civ. R. 10.1(a) (emphasis added). Plaintiff has demonstrated his ability to communicate with the Court, as he sent three separate notifications of changes in his address throughout the course of this litigation. Nonetheless, defense counsel's most recent attempt to correspond with Plaintiff at his last known address has proven unsuccessful, and Plaintiff has not advised the Court of a fourth change in address. Plaintiff's obligation to comply with the Court's Orders and Rule 10.1(a) is his responsibility, and his failure in this regard weighs in favor of dismissal.

### 2. Prejudice to the Adversary

Plaintiff's failure to inform the Court or his adversary of his current address and to otherwise correspond with the Court or engage in discovery prejudices Defendants. In examining this factor, a court must consider whether the party's conduct has resulted in "extra costs, repeated delays, and the need to file additional motions." Huertas v. City of Philadelphia, No. 02-7955, 2005 WL 226149, at *3 (E.D. Pa. January 26, 2005). Here, Plaintiff's failure to

4

prosecute has led to delays as indicated in Magistrate Judge Schneider's Amended Scheduling Order, as well as the ultimate inability to complete discovery. Defendants have expended additional resources to locate Plaintiff. Plaintiff's silence has caused Defendants to file additional motions, including the one currently before the Court. The Court is satisfied that Defendants have been prejudiced by Plaintiff's inaction.

### 3. History of Dilatoriness

Plaintiff has not had any contact with the Court in over 13 months. This Court's Order granting Defendants' motion for an extension of time to complete discovery, dated May 29, 2014, put Plaintiff on notice of his need to comply with Rule 10.1(a). Plaintiff has not done so, even though he thrice demonstrated his ability to inform the Court of his change of address on previous occasions. Plaintiff has a history of dilatoriness because his prior notifications were not made in a timely manner, which caused communications from the Court to be returned as undeliverable. The third factor thus weighs in favor of dismissal.

### 4. Whether the Party's Conduct was Willful or in Bad Faith

Nothing in the record suggests that Plaintiff acted in bad faith, so this factor does not weigh against Plaintiff.

### 5. Alternative Sanctions

The Court finds that this factor weighs in favor of dismissal because, not knowing Plaintiff's address, the Court is simply unable to communicate to Plaintiff any alternative sanctions. See McLaren v. N.J. State Dept. of Educ., 462 F. App'x 148, 149 (3d Cir. 2012) (finding that a lesser sanction would not be appropriate because, as the court had no way of contacting the plaintiff, "an order imposing sanctions would only find itself taking a round trip

tour through the United States mail" (quoting Carey v. King, 856 F.2d 1439, 1441 (9th Cir. 1988))); see also Stewart, 2011 U.S. Dist. LEXIS 142980, at *2.

### 6. Meritoriousness of the Claim

The Court has indicated that Plaintiff's claim is meritorious insofar as a dismissal was not warranted under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).  See Doc. No. 5.  Thus, the Court will assume for this analysis that Plaintiff's claims have merit.

## III. CONCLUSION

Even with the fourth and sixth factors on Plaintiff's side, a balancing of the Poulis factors weighs in favor of dismissing the action.  Plaintiff has failed to comply with the Court's Amended Scheduling Order and with Rule 10.1(a), and has failed to prosecute by not seeking action for over 13 months.  Therefore, dismissal of Plaintiff's Complaint is merited.

For the foregoing reasons, Defendants' motion to dismiss is granted.  An appropriate order shall issue.

Dated: 1/23/2015                                     s/ Robert B. Kugler
ROBERT B. KUGLER
United States District Judge